[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 19, 1997
The defendant Mercy Hospital has moved to dismiss this case, contending that the court lacks personal jurisdiction over this Springfield, Massachusetts hospital. The plaintiff opposes the motion, contending that the court has jurisdiction under the applicable long-arm statute and that the exercise of that jurisdiction is consistent with Due Process requirements under the Fifth and Fourteenth Amendments to the United States Constitution.
The plaintiff is a resident of East Windsor, Connecticut who consulted with Dr. Philip Stone, a physician with offices in Springfield, Massachusetts, with reference to plastic surgery. Dr. Stone twice performed surgery on the plaintiff at Mercy Hospital (the "Hospital") in Springfield. In the third count of the complaint in this action the plaintiff alleges that the Hospital, its agents and employees, failed to exercise reasonable care with respect to those surgeries. At oral argument on the motion to dismiss, the parties stipulated that the Hospital is a nonstock corporation organized and existing under Massachusetts law.
A motion to dismiss is used to assert "lack of jurisdiction over the person. . ." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687 (1985), citing Practice Book § 143. The motion "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American LaundryMachinery, Inc. v. State, 190 Conn. 212, 217 (1983).
When jurisdiction is based on the long-arm statute, the burden of proof is on the plaintiff to present evidence establishing jurisdiction. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 54 (1983). In order for the court to acquire personal jurisdiction over an out-of-state party, two requirements must be met: (1) the court must first determine that one of the Connecticut long-arm statutes authorizes the assertion of jurisdiction over the defendant; and (2) the court must then determine whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. SeeThomason v. Chemical Bank, 234 Conn. 281, 285-86 (1995); Frazerv. McGowan, 198 Conn. 243, 252 (1986).
The long-arm statute relative to foreign nonstock corporations is General Statutes § 33-519 (c), which states in pertinent part that "[e]very foreign corporation shall be subject to suit in this state by a resident of this state . . . CT Page 4855 on any cause of action arising as follows: . . . (2) out of any solicitation in this state by mail or otherwise if the corporation has repeatedly so solicited. . . ."
Both parties agree that Frazer v. McGowan, supra,198 Conn. 243, is the leading case interpreting General Statutes § 33-519 (c)(2). Our Supreme Court in Frazer reversed the trial court's dismissal of the case against Westerly Hospital, which is located near the Connecticut border in Westerly, Rhode Island. In interpreting § 33-519 (c)(2) the Court found first that there is no requirement in the statute for a causal connection between the solicitation referred to in the statute and the plaintiff's cause of action. The Court further concluded that hospitals differ from normal commercial enterprises in that they do not aggressively advertise their services and the statute therefore must be interpreted differently for hospitals. "A hospital solicits patients for the purposes of 33-519 (c)(2) by acting in a manner that reasonably and foreseeably is likely to enhance the flow of patients from either of . . ." two sources: physicians with hospital admitting privileges or the hospital emergency room. Id., 250. The Court then analyzed the facts of the case and found that they satisfied the requirements of the long-arm statute. The Court next undertook the second step of the analysis: the Due Process/minimum contacts test. The court found on the facts that the hospital's contacts with Connecticut satisfied Due Process. Id., 253.
A comparison of the facts in Frazer with the facts of the present case before the court shows a substantial similarity. The Connecticut plaintiff in Frazer was admitted to Westerly Hospital three times by his physician, who had admitting privileges there. The Connecticut plaintiff here was admitted to the Hospital twice by her physician, who had admitting privileges there. Westerly, Rhode Island is "located near the Connecticut border," as the Court found. Id., 245. Springfield, Massachusetts is, of course, also located near the Connecticut border. According to a recognized road atlas, the city of Springfield is only approximately six miles from the northern border of Connecticut.
In Frazer, thirteen physicians with admitting privileges at the Rhode Island Hospital had offices in Connecticut. In this case, the Hospital has allowed up to eleven physicians with offices in Connecticut to maintain admitting or other privileges since 1988. In Frazer, Westerly Hospital maintained a yellow page listing in the New London, Connecticut telephone directory. In CT Page 4856 the present case, the Hospital has maintained yellow page ads for certain medical specialties in the Enfield-Windsor Locks, Connecticut telephone directory since 1991. In addition, the Hospital's address and phone number have been listed in the yellow page listing of hospitals during the same time period. Finally, in Frazer, during a relevant twelve month period, 35.3 percent of the patients discharged from Westerly Hospital were Connecticut residents. In the present case there is no evidence of the percentage of patients discharged from Mercy Hospital who are residents of Connecticut. However, the plaintiff's admissions to the Hospital are not aberrant. The Hospital has accepted payments from the State of Connecticut for the treatment of Connecticut welfare patients for many years. The billings for some of those years reached almost $20,000, an indication that a significant number of patients who enter the Hospital are Connecticut residents.
These facts, particularly the yellow pages listing and advertising and the admitting privileges of Connecticut physicians, demonstrate that Mercy Hospital has acted "in a manner that reasonably and foreseeably is likely to enhance the flow of patients . . ." from Connecticut. Id., 250. Clearly, the purpose of the Hospital's yellow pages advertising in the Enfield-Windsor Locks telephone directory was to attract Connecticut residents to use the Hospital.
The Hospital asserts that the fact that the plaintiff's physician was not a Connecticut physician is a critical distinguishing factor from Frazer. The court disagrees, however, for the focus in Frazer was on the hospital's efforts to increase the number of Connecticut patients and the efforts of Westerly Hospital and Mercy Hospital in that respect are quite similar. An actual causal connection between the plaintiff's cause of action and the hospital's efforts in Connecticut (such as giving admitting privileges to a Connecticut doctor) was specifically found by the Supreme Court to be unnecessary. Id., 248. Therefore, the office location of the plaintiff's physician has no bearing on jurisdiction. The cited facts satisfy the requirements of General Statutes § 33-519 (c)(2) as interpreted by the Supreme Court in Frazer.
Those same facts also demonstrate sufficient minimum contacts with Connecticut for Due Process purposes. The Hospital has advertised in the yellow pages of the Enfield Windsor Locks phone book. The Hospital has granted admitting privileges to physicians CT Page 4857 who have offices in Connecticut. Finally there is the Hospital's proximity to Connecticut — only six miles from the state border via a major interstate highway, Interstate Route 91. This court makes the same finding as in Frazer: "[b]ecause the hospital is located so close to Connecticut, defending a law suit in this state imposes no undue burden on it . . . it was natural for the hospital to anticipate that it might be haled into court in Connecticut to defend its medical competence in treating that portion of its market that is in Connecticut." Id., 253.
The facts in this case establish compliance with both the state long-arm statute and constitutional due process requirements. In light of the totality of the circumstances, the court concludes that the exercise of jurisdiction over the Hospital by this court is neither unfair nor unjust. Therefore, the defendant Mercy Hospital's motion to dismiss is denied.
VERTEFEUILLE, J.